Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| L. H.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REGENCE BLUECROSS BLUESHIELD OF OREGON,<br><br>　　　　　Defendant. | Case No. 3:23-cv-894<br><br>COMPLAINT<br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)) |

## I.　PARTIES

1.

***Plaintiff.***  At all times material, plaintiff L.H. was the dependent of an employee of BP Lester & Regina John Foundation and a beneficiary of the Regence Platinum 250 Medical Plan

("the Plan"), a group healthcare insurance policy. From January 2021 through January 2022, while a minor, plaintiff received medically necessary treatment for mental illness and substance use disorder at Vista Sage, a licensed residential treatment center located in Utah.

2.

**Defendant.** At all times material, defendant Regence BlueCross BlueShield of Oregon ("Regence") was a health insurer located in Multnomah County, Oregon, serving residents of Oregon and southwest Washington. Regence answers benefit questions, makes benefit decisions, pays claims, and processes appeals under the Plan and, in that capacity, is a fiduciary under ERISA.

## II.     JURISDICTION AND VENUE

3.

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C. § 1001, *et seq.*, 29 U.S.C. § 1132(a)(1)(B), (3) and (e)(1).

4.

Venue is proper under 29 U.S.C. § 1132(e)(2) because, *inter alia,* Regence resides or may be found in this district.

5.

In conformity with 29 U.S.C. §1132(h), plaintiff has served this Complaint by Certified Mail on the Secretary of Labor and the Secretary of Treasury.

/ /

/ /

/ /

### III. NATURE OF THE CASE

6.

This is an ERISA-governed case regarding Regence's denial of medically necessary residential mental health benefits. Regence denied coverage of Vista Sage's treatment of plaintiff, in violation of the terms of the Plan and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Regence subsequently refused to review plaintiff's ERISA-governed appeal of Regence's denial decision, in violation of ERISA.

7.

In denying coverage, Regence erroneously asserted that there was not a showing that "[t]reatment could not be effectively provided at a lower level of care (supported by clinical documentation) or [that] [plaintiff's] home environment is not conducive to treatment/recovery, such that treatment at a lower level of care is unlikely to be successful or no safe lower level of care is available."

8.

Plaintiff appealed Regence's claim denial, proving that Regence's assertions were erroneous and providing additional evidence that Vista Sage's residential treatment of plaintiff was medically necessary.

9.

Regence refused to review plaintiff's appeal, erroneously asserting that it was "untimely." Regence also asserted that plaintiff had failed to submit claims for Vista Sage's treatment. Plaintiff responded, explaining that the appeal was timely according to Regence's statement on its own website and that Regence's claim denial had confirmed that Regence had received notice

of claim. In response, Regence simply repeated its prior assertions.

10.

Regence's denial decision was erroneous and arbitrary. Accordingly, plaintiff asks the Court to order Regence to cover plaintiff's treatment by and at Vista Sage under the terms of the Plan and in accordance with ERISA.

### IV. STATEMENT OF FACTS

11.

Plaintiff received health coverage through the Plan and is an ERISA beneficiary under the Plan. As a beneficiary, plaintiff is entitled to the health benefits set forth in the Plan.

12.

The Plan provides coverage for services that are medically necessary to treat mental illness and substance use disorders, including residential treatment delivered in a facility licensed to provide such care in accordance with the Plan.

13.

Because of severe and increasing mental health problems and upon the advice of appropriate experts, plaintiff was admitted to Vista Sage on or about April 23, 2021. Plaintiff was admitted to Vista Sage after and because outpatient treatment had failed and after and because plaintiff made a serious suicide attempt that nearly ended plaintiff's life on January 12, 2021. Plaintiff was treated in the ICU at Randall Children's Hospital, Portland, for four days (January 12-16, 2021), at Unity Behavioral Health, Portland, for 13 days (January 16-29, 2021), and at Aspiro Wilderness Therapy for three months (January 29-April 21, 2021), before being admitted to Vista Sage, where plaintiff was treated from April 23, 2021-January 5, 2022. Five

treating providers, including four treating mental health specialists and an examining neuropsychologist, concluded that Vista Sage's residential treatment was medically necessary for plaintiff. The only professionals who asserted that Vista Sage's treatment was not medically necessary were Regence's consultants.

14.

In or about April 2021, Vista Sage, on behalf of plaintiff, submitted to Regence a request for coverage of Vista Sage's treatment of plaintiff under the Plan.  By letter dated April 29, 2021, Regence, on behalf of the Plan, denied coverage, asserting as the basis for its denial decision, "Your health plan does not cover services that are not medically necessary."

15.

On or about March 13, 2023, plaintiff, through counsel, submitted to Regence an appeal of its coverage denial decision.  The appeal explained why plaintiff's treatment at Vista Sage was medically necessary and included supporting documentation.

16.

Regence responded by letter dated March 16, 2023, asserting, *inter alia*:

> We show that the preauthorization for your Vista Sage treatment was requested on your April 23, 2021, admission date. Our preauthorization decision was made on April 29, 2021. Your health care plan requires appeals to be submitted within 180 days of your receipt of the adverse decision notice (the April 29, 2021, preauthorization decision) and we received your appeal request on March 13, 2023; thus, more than 180 days have passed since that adverse decision…Based on the March 13, 2023, receipt, this request is untimely. Therefore, we are not able to consider your appeal regarding the preauthorization denial of this treatment with Vista Sage.
>
> Further, we are also not finding any claims were submitted for your Vista Sage treatment; thus, if you received this treatment, you will want to contact Vista Sage to submit claims to process to your plan benefits."

Regence did not address the medical necessity of Vista Sage's treatment in its March 16th letter..

17.

Through counsel, plaintiff responded by letter dated March 29, 2023, explaining:

> Regence's website (printout enclosed), states: "For group plans governed by ERISA*, we've extended the deadlines by which you must file any claims, appeals and make special enrollment changes. The period from March 1, 2020, until 60 days after the National Emergency ends won't count in determining these deadlines." This is an ERISA-governed claim and Regence's denial letter is dated April 29, 2021. Accordingly, the appeal is timely.

The March 29th letter also explained:

> With regard to Regence's statement in the March 16th letter that Regence is not finding claims for Vista Sage's treatment of [L.H.], Regence received notice of the coverage claim from Vista Sage, as confirmed in its denial letter, and did not raise alleged failure to provide adequate notice in the denial. I do not know what else you are requesting but please call me if you wish to discuss this.

18.

By letter dated April 5, 2023, Regence reiterated its earlier assertions. Regence did not address its own notice on its website that "For group plans governed by ERISA*, we've extended the deadlines by which you must file any claims, appeals and make special enrollment changes. The period from March 1, 2020, until 60 days after the National Emergency ends won't count in determining these deadlines."

19.

Plaintiff has completed all steps required prior to the filing of this Complaint under the Plan and ERISA, pursuant to 29 U.S.C. § 1133 and in accordance with 29 C.F.R. § 2560.503-1(l), which states:

> …in the case of the failure of a plan to establish or follow claims procedures

consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

## V.     CLAIMS

### FIRST CLAIM -- FOR BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)

20.

Plaintiff realleges all paragraphs above.

21.

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes plaintiff to recover benefits under the terms of the Plan.

22.

By denying plaintiff's claim and benefits under the Plan, Regence has violated ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B).

23.

As the result of Regence's denial decision, plaintiff has been denied coverage under the terms of the Plan and has been damaged in the gross amount of $101,007.

### SECOND CLAIM -- FOR BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA § 502(A)(3), 29 U.S.C. § 1132(A)(3)

24.

Plaintiff realleges all paragraphs above.

25.

ERISA § 502(a)(3), 29 U.S.C. § 1132 (a)(3), provides that a participant or beneficiary

may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" and that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or to enforce plan terms. To the extent full relief is not available to plaintiff under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132 (a)(3), plaintiff seeks to enjoin Regence from denying Vista Sage's medically necessary residential mental health treatment based upon its refusal to review plaintiff's appeal, which was timely according to Regence's express statement and seeks all equitable remedies, including, without limitation, injunctive relief and surcharge.

### THIRD CLAIM – FOR ATTORNEY FEES AND COSTS
### UNDER ERISA § 502(G)(1), 29 U.S.C. § 1132(G)(1)

26.

Plaintiff re-alleges all paragraphs above.

27.

Plaintiff is entitled to an award of attorney fees and costs under ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1).

### VI.   REQUEST FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

1. Enter judgment in favor of plaintiff, establishing plaintiff's right to coverage of Vista Sage's medically necessary residential mental health treatment under the terms of the Plan, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

2. Enter judgment in favor of plaintiff for damages in an amount to be proven at trial, due to Regence's failure to provide benefits due under the Plan, pursuant to ERISA §

502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

3. Enter judgment in favor of plaintiff enjoining Regence from denying Vista Sage's medically necessary treatment and ordering Regence to reimburse plaintiff the full cost of Vista Sage's treatment through equitable remedies, including, but not limited to, injunctive relief and surcharge, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

4. Order defendant to pay plaintiff's attorney fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and

5. Award plaintiff such other relief as is just and proper.

DATED: June 20, 2023.

> s/ Megan E. Glor
> Megan E. Glor, OSB No. 930178
> Megan E. Glor, Attorneys at Law
> 707 NE Knott Street, Suite 101
> Portland, OR 97266
> Phone: (503) 223-7400
> Fax: (503) 751-2071
> Attorney for Plaintiff