BRAD S. DANIELS, OSB No. 025178
brad.daniels@stoel.com
TYLER J. KILLEEN, OSB No. 165136
tyler.killeen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| L.H.,<br><br>    Plaintiff,<br><br>    v.<br><br>REGENCE BLUECROSS BLUESHIELD OF OREGON,<br><br>    Defendant. | No.: 3:23-cv-00894-AR<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendant Regence BlueCross BlueShield of Oregon ("Defendant"), by and through its undersigned counsel, hereby respectfully submits this Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint:

/ / /

/ / /

Page 1 –    ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

## PARTIES

1.

Answering paragraph 1, Defendant is without sufficient information to admit or deny the allegations and therefore denies the same.

2.

Answering paragraph 2, Defendant admits that Defendant is a health insurer headquartered in Multnomah County, Oregon, and serves residents in Oregon and southwest Washington. The remainder of paragraph 2 states legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant states that it answers benefits questions from members, adjudicates benefit claims consistent with its medical policies and relevant legal requirements, and pays claims consistent with coverage under its policies. Defendant further states that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") speaks for itself and is the best evidence of its content.

## JURISDICTION AND VENUE

3.

Paragraph 3 states legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant admits that Plaintiff alleges that jurisdiction is proper in this Court under ERISA, 29 U.S.C. § 1001, *et seq.*, 29 U.S.C. § 1132(a)(1)(B), (3), and (e)(1). Defendant states that the ERISA sections to which Plaintiff cites speak for themselves and are the best evidence of their content.

4.

Paragraph 4 states legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant admits that Plaintiff alleges venue is proper under

29 U.S.C. § 1132(e)(2) because, *inter alia*, Defendant resides in this district.  Defendant states that 29 U.S.C. § 1132(e)(2) speaks for itself and is the best evidence of its content.

5.

Answering paragraph 5, Defendant is without sufficient information to admit or deny the allegations and therefore denies the same.

## NATURE OF THE CASE

6.

The first sentence of paragraph 6 states legal conclusions to which no response is required.  To the extent a response is deemed to be required and further answering this paragraph, Defendant admits that it denied Plaintiff's Preauthorization Request (as defined in paragraph 14 below) under the Regence Platinum 250 Medical Plan (the "Plan") but denies that its coverage decision was in any way improper or unlawful.  Defendant denies all remaining allegations in paragraph 6.

7.

Answering paragraph 7, Defendant admits that it denied Plaintiff's Preauthorization Request (as defined in paragraph 14 below) under the Plan but denies that its coverage decision was in any way erroneous.  Defendant's Coverage Decision (as defined in paragraph 14 below) speaks for itself and is the best evidence of its content.  Defendant denies all remaining allegations in paragraph 7.

8.

Answering paragraph 8, Defendant admits that Plaintiff wrote to Defendant regarding its coverage decision.  Defendant states that Plaintiff's correspondence speaks for itself and is the best evidence of its content.  Defendant denies the remaining allegations in paragraph 8.

9.

Answering paragraph 9, Defendant states that Defendant's letter dated March 16, 2023, responding to Plaintiff's correspondence speaks for itself and is the best evidence of its content. Defendant denies all remaining allegations in paragraph 9.

10.

Answering paragraph 10, deny.

## STATEMENT OF FACTS

11.

Paragraph 11 states legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant states that the Plan speaks for itself and is the best evidence of its content. Defendant denies the remaining allegations in paragraph 11.

12.

Paragraph 12 states legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant states that the Plan speaks for itself and is the best evidence of its content. Defendant denies the remaining allegations in paragraph 12.

13.

Answering paragraph 13, Defendant is without sufficient information to admit or deny the allegations and therefore denies the same.

14.

Answering the first sentence of paragraph 14, Defendant admits that, on or about April 23, 2021, it received a request for preauthorization on behalf of Plaintiff for treatment at Vista Sage ("Preauthorization Request"). Defendant states that the Preauthorization Request speaks for itself and is the best evidence of its content. Answering the second sentence of

paragraph 14, Defendant states that it denied the Preauthorization Request by letter dated April 29, 2021 (the "Coverage Decision"). Defendant states that the Coverage Decision speaks for itself and is the best evidence of its content. Defendant denies all remaining allegations in paragraph 14.

15.

Answering paragraph 15, Defendant admits that, on or about March 13, 2023, Plaintiff submitted to Defendant correspondence purporting to appeal Regence's Coverage Decision (the "March 13 Submission"). Defendant states that the purported March 13 Submission speaks for itself and is the best evidence of its content. Defendant denies all remaining allegations in paragraph 15.

16.

Answering paragraph 16, Defendant admits that it responded to the March 13 Submission by letter dated March 16, 2023 ("March 16 Letter"). Defendant states that the March 16 Letter speaks for itself and is the best evidence of its content. Defendant denies all remaining allegations in paragraph 16.

17.

Answering paragraph 17, Defendant admits that Plaintiff, through counsel, responded to the March 16 Letter by letter dated March 29, 2023 ("March 29 Letter"). Defendant states that the March 29 Letter speaks for itself and is the best evidence of its content. Defendant denies all remaining allegations in paragraph 17.

18.

Answering paragraph 16, Defendant admits that it responded to Plaintiff's March 29 Letter by letter dated April 5, 2023 (the "April 5 Letter"). Defendant states that the April 5

Letter speaks for itself and is the best evidence of its content. Defendant denies all remaining allegations in paragraph 18.

19.

Paragraph 19 states legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 19.

## CLAIMS

### FIRST CLAIM

### FOR BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132 (A)(1)(B)

20.

Answering paragraph 20, Defendant realleges all previous responses as if fully set forth herein.

21.

Answering paragraph 21, deny.

22.

Answering paragraph 22, deny.

23.

Answering paragraph 23, deny.

### SECOND CLAIM

### FOR BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA § 502(A)(3), 29 U.S.C. § 1132 (A)(3)

24.

Answering paragraph 24, Defendant realleges all previous responses as if fully set forth herein.

25.

Answering paragraph 25, Defendant states that ERISA § 502(a)(3), 29 U.S.C. § 1132 (a)(3), and ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B), speak for themselves and are the best evidence of their content.  Defendant denies the remaining allegations in paragraph 25.

### THIRD CLAIM

### FOR ATTORNEY FEES AND COSTS
### UNDER ERISA § 502(G)(1), 29 U.S.C. § 1132 (G)(1)

26.

Answering paragraph 26, Defendant realleges all previous responses as if fully set forth herein.

27.

Answering paragraph 27, deny.

### RESPONSE TO PRAYER FOR RELIEF

28.

Defendant denies that Plaintiff is entitled to any damages or other relief against Defendant as set forth in Plaintiff's prayer for relief.

### AFFIRMATIVE DEFENSES

29.

Defendant alleges the following as separate affirmative defenses, without assuming the burden of proof where such burden is otherwise on Plaintiff.  Defendant does not knowingly or voluntarily waive any additional applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as they may become available or apparent during the course of the proceedings.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Ultimate Facts)

30.

Plaintiff's Complaint fails to state ultimate facts sufficient to constitute a claim.

## SECOND AFFIRMATIVE DEFENSE

### (Conditions Precedent)

31.

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with necessary conditions precedent required under the Plan.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

32.

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with, and exhaust, the claims procedure as required under the Plan and/or any other applicable statute, rule, or regulation.

## FOURTH AFFIRMATIVE DEFENSE

### (No Coverage)

33.

Plaintiff's claims are barred, in whole or in part, because the Plan does not provide coverage for Plaintiff's claim, including, without limitation, for the reasons set forth in the Coverage Decision.

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Tender)

34.

Plaintiff's claims are barred, in whole or in part, because Plaintiff, or a third party acting on Plaintiff's behalf, at Plaintiff's direction, or for Plaintiff's benefit, including, without limitation, Vista Sage, failed to properly submit a claim for the coverage or reimbursement under the Plan.  To date, Defendant has received no claims from Vista Sage; no evidence of cost of treatment; and no evidence or proof of billing to, or payment by, Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Contractual Limitations/Untimely Appeal)

35.

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to timely appeal the denial of coverage within the time period allowed under the Plan and applicable statutes, rules, and regulations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

36.

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

37.

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

38.

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Third-Party Action or Inaction)

39.

Plaintiff's claims are barred, in whole or in part, by the action or inaction of third parties over which Defendant had no control, including, without limitation, Vista Sage.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

40.

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

41.

Defendant further reserves any affirmative defenses available to it now existing, or later arising, as may be identified or discovered throughout this litigation.

## COUNTERCLAIM

### (Attorney Fees)

1.

Defendant realleges all previous responses as if fully set forth herein.

2.

To the extent allowed under ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1), Defendant seeks recovery of its attorney fees and costs.

### PRAYER

WHEREFORE, Defendant prays for relief as follows:

A.    For dismissal of the Complaint with prejudice;

B.    For award of Defendant's attorney fees and costs pursuant to ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1); and

C.    For such other and further relief as the Court deems equitable and just.

DATED: July 28, 2023        STOEL RIVES LLP

*s/ Brad S. Daniels*
BRAD S. DANIELS, OSB No. 025178
brad.daniels@stoel.com
TYLER J. KILLEEN, OSB No. 165136
tyler.killeen@stoel.com

*Attorneys for Defendant Regence BlueCross BlueShield of Oregon*